UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────
GREGORY HARVEY,

                                    Plaintiff,

                                    v.                        9:09-CV-0644 (TJM)(GHL)

CITY OF UTICA POLICE OFFICERS; DOCTOR,
St. Elizabeth's Hospital; KOMARATH, MD, Mohawk
Valley Psychiatric Center,

                                    Defendants.
─────────────────────────────────────────────
APPEARANCES:

GREGORY HARVEY
07-A-3479
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff, *pro se*

THOMAS J. McAVOY, SENIOR JUDGE

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

The Clerk has sent to the Court for review a complaint filed by Gregory Harvey, together with an application to proceed *in forma pauperis* and inmate authorization form.[1] Plaintiff, who has not paid the filing fee for this action, is presently confined at Sing Sing Correctional Facility.

### II. Discussion

---

[1] Plaintiff has filed six other actions in the Northern District since February 2, 2009. See *Harvey v. Farber*, 9:09-CV-0152 (TJM/GHL); *Harvey v. Harder*, 9:09-CV-154 (TJM/DRH); *Harvey v. Correction Officers 1-6*, 9:09-CV-0517 (LEK/GHL); *Harvey v. Grow*, 9:09-CV-0518 (GTS/RFT); *Harvey v. Sawyer*, 9:09-CV-0598 (FJS/DRH); *Harvey v. Luther*, 9:09-CV-0599 (DNH/GJD).

After reviewing the information that plaintiff provided in his *in forma pauperis* application, the Court concludes that he meets the financial criteria for commencing this action *in forma pauperis*. Therefore, the Court must now consider the sufficiency of the allegations that he has set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, although the court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.[3]

In his complaint, plaintiff asserts claims arising out of his arrest in February,

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke*, 490 U.S. at 327.

2

2004 by City of Utica Police, and his subsequent confinement at the Mohawk Valley Psychiatric Center ("MVPC"). Dkt. No. 1 at 4-5. Plaintiff claims that he was arrested without probable cause and that excessive force was used against him during the arrest. Plaintiff also claims that his involuntary confinement at MVPC violated his constitutional rights.

Plaintiff seeks to maintain this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). The Supreme Court has explained that "[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Accordingly, parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See Sybalski v. Independent Group Home Living Program, Inc.*, 546 F.3d 255 (2d Cir. 2008) (per curiam) (discussing state action requirement under § 1983). It is also well-settled that the personal involvement of a defendant is a prerequisite for the assessment of damages in a § 1983 action, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), and that the doctrine of *respondeat superior* is inapplicable to these damages claims. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). A § 1983 cause of action accrues "when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Covington v. City of New York*, 916 F.Supp. 282, 285 (S.D.N.Y. 1996) (citing *Woods v. Candela*, 13 F.3d 574, 575 (2d Cir. 1994)). "Thus, in determining when the statute begins to run, the '"proper focus is on the time of the [wrongful] act, not the point at which the consequences of the act become painful."' *Covington*, 916 F.Supp. at 285 (citations omitted).

It clearly appears that plaintiff's claims with respect to his February, 2004 arrest accrued on that date, well before the start of the three year limitations period for claims which properly may be asserted in this action, *i.e.*, June 1, 2006.[4] Plaintiff's claims arising out of his confinement at MVPC, which he states lasted only for a period of "several months" following his February, 2004 arrest (see Dkt. No. 1 at 5), are also time-barred. Accordingly, this action is dismissed.[5]

### III. Conclusion

WHEREFORE, it is hereby

ORDERED, that plaintiff's claims are barred by the applicable statute of

---

[4] Plaintiff signed his complaint on June 1, 2009 and the complaint is therefore deemed to have been filed on that date for purposes of determining the applicable limitations period. *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993).

[5] Because the problem with plaintiff's causes of action is substantive, such that better pleading will not cure it, leave to re-plead is denied as futile. See *Cuocco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

limitations and this action is therefore dismissed pursuant to 28 U.S.C. §1915(e)(2)(B); and it is further

ORDERED, that plaintiff's application to proceed *in forma pauperis* is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Memorandum-Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: June 13, 2009

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge